UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| RAYMOND CHESTNUT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:17-cv-00019-WTL-DLP |
| | ) | |
| CHARLES DANIELS, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Denying Petition for Writ of Habeas Corpus and
Directing Entry of Final Judgment**

On December 12, 2016, petitioner Raymond Chestnut filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging 18 separate disciplinary proceedings as Case No. 2:16-cv-0459-WTL-DKL. The Court determined that each disciplinary proceeding had the status of a separate court proceeding and ordered that 17 new habeas actions be filed. This action relates to Chestnut's challenge to the disciplinary proceeding that commenced with Incident Report No. 2674169 at a time he was incarcerated at USP Lewisburg.

Chestnut filed a supplemental petition on February 27, 2017. Dkt. No. 7. The respondent filed a return to order to show cause on November 7, 2017. Dkt. No. 28. Thereafter, Chestnut filed an amended petition. Dkt. No. 32. For the reasons explained in this Entry, Chestnut's habeas action must be **denied**.

A. **Legal Standards**

"Federal inmates must be afforded due process before any of their good time credits-in which they have a liberty interest-can be revoked." *Jones v. Cross*, 637 F.3d 841, 845 (7th Cir. 2011). "In the context of a prison disciplinary hearing, due process requires that the prisoner

receive (1) written notice of the claimed violation at least 24 hours before hearing; (2) an opportunity to call witnesses and present documentary evidence (when consistent with institutional safety) to an impartial decision-maker; and (3) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action." *Id.*; *see also Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell*, 418 U.S. 539, 570-71 (1974). In addition, "some evidence" must support the guilty finding. *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016).

### B. The Disciplinary Proceeding Regarding Incident Report 2674169

Incident Report 2674169 was issued on January 22, 2015. It stated as follows:

> On 01-22-2015, at approximately 0640, I opened an e-mail correspondence from the Northeast Regional Office Legal Department. This correspondence contained a copy of a DHO Report related to a hearing I conducted on inmate Chestnut, #13465-171, on 06-04-2013, regarding Incident Report Number (IRNO) 2449091. The correspondence requested that I verify the delivery date on the DHO report submitted as supporting documentation regarding a Regional Administrative Remedy Appeal, signed and dated by Chestnut on 01-12-2015. I retrieved a copy of the DHO report delivered to Chestnut from the official record. Upon comparing the copy of the DHO report maintained in the official record with the one submitted to the Northeast Regional Office by Chestnut, I immediately determined the signature and delivery date to be fraudulent. The DHO report retrieved from the official record established the delivery date of the DHO report to Chestnut as 06-05-2013 by Ms. Inch, who was the DHO secretary at the time. The signature on the DHO report submitted to the Northeast Regional Office by Chestnut is illegible, and documents a delivery date of 01-09-2015. The illegible signature on the DHO report is not mine, nor is it that of Ms. Inch the former DHO secretary, or Ms. Flowers or Ms. Black, the current DHO secretaries. The delivery signature and date, therefore, is forged or fraudulent. Moreover, in the section of the DHO report titled "Report delivered to inmate" is hand written "CHESTNUT, R. #13465-171." During the past 20 months I have conducted multiple DHO hearings and re-hearings, responded to multiple Requests for Administrative Remedy, and responded to voluminous civil litigation filed by Chestnut in U.S. District Court. As such, I am extremely familiar with inmate Chestnut's handwriting. I immediately recognized the handwriting next to the fraudulent signature on the DHO report submitted to the Northeast Regional Office by

> Chestnut as that of Chestnut. Accordingly, I have concluded Chestnut himself affixed the forged/fraudulent signature to the DHO report he submitted. The fraudulent delivery date on the report submitted by Chestnut, 01-09-2015, is also written in Chestnut's handwriting. Chestnut's actions in this case could result in new criminal charges as a result of violating 18 United States Code Chapter 47 – Fraud and False Statements, Section 1001, therefore resulting in the charge of Use of the Mail for an Illegal Purpose, Code 196.

Dkt. No. 27-1 at 9.

A copy of Incident Report No. 2674169 was delivered to Chestnut on January 22, 2015, at 10:37 a.m. Dkt. No. 27-1 at 7. Chestnut was advised of his rights by Lt. D. Beachel on January 22, 2015, at 10:23 a.m., and Chestnut verbally acknowledged that he understood his rights. Dkt. No. 27-1 at 8.

Chestnut declined the opportunity to make a statement by stating that he had "no comment." *Id*. Chestnut was also afforded the opportunity to identify a witness, but declined. *Id*. Upon the conclusion of the investigation, Lt. D. Beachel found that the charged violations were warranted, and he found that there was sufficient evidence to move forward with the disciplinary process. *Id*. Lt. D. Beachel referred Incident Report No. 2674169 to the Unit Disciplinary Committee ("UDC") for further disposition. *Id*.

The UDC hearing was conducted on January 23, 2015. Dkt. No. 27-1 at 9. Chestnut made a statement that there was no evidence that he committed a prohibited act, and that the information in section 11 of the Incident Report was hearsay. *Id*. The UDC referred the matter to a Disciplinary Hearing Officer ("DHO") for further hearing so that appropriate sanctions could be rendered. *Id*.

On January 23, 205, Chestnut was provided with a copy of the "Inmate Rights at Discipline Hearing" form, which he refused to sign acknowledging receipt of this information. Dkt. No. 27-1 at 11. Thus, staff completed the appropriate form documenting that the inmate was

advised of his rights and that he refused to sign showing acknowledgment of these rights. *Id*. Specifically, the Inmate Rights at Discipline Hearing form informed Chestnut that he was being charged with a violation of the BOP rules and regulations and that the matter was referred to the DHO for disposition. *Id*. Chestnut was informed that he had the right: 1) to have a written copy of the charges against him at least 24 hours prior to appearing before the DHO; 2) to have a full-time staff member to represent him before the DHO; 3) to call witnesses (or present written statements of unavailable witnesses) and to present documentary evidence on his behalf; 4) to remain silent or to present a statement; 5) to be present during the disciplinary hearing except during a period of deliberation or when institutional safety would be jeopardized; 6) to be advised of the DHO's decision and the facts supporting that decision except where institutional safety would be jeopardized; and 7) to appeal the decision of the DHO within 20 calendar days of notice of the DHO's decision. *Id*.

On January 23, 2015, Chestnut was also provided with a copy of the "Notice of Discipline Hearing Before the DHO" form. Dkt. No. 27-1 at 10. Chestnut requested P. McCloskey as his staff representative to be present at the DHO hearing. Chestnut also indicated at that time that he did not wish to call any witnesses. *Id*.

On January 29, 2015, at 11:30 a.m., Chestnut appeared before the DHO regarding Incident Report No. 2674169. Dkt. No. 27-1 at 18. The DHO noted that: 1) Chestnut was provided advanced written notice of the charge against him on January 22, 2015, at 10:37 a.m., by Lt. D. Beachel; 2) Chestnut was advised of his rights before the DHO on January 23, 2015, by Staff Member R. Marr; 3) Chestnut requested a staff representative and Ms. P. McCoskey appeared at the DHO hearing; and 4) Chestnut requested no witnesses. *Id*. The DHO also advised Chestnut of his rights before the DHO and Chestnut indicated that he understood his rights. *Id*.

Chestnut denied the charges issued on Report No. 2674169. *Id*.

At the DHO hearing, Chestnut testified that the description of the incident was hearsay and inaccurate. *Id*. Chestnut: 1) requested to review the evidence; 2) requested to review "range video" for the date and time of the incident (also requested in Chestnut's handwritten statement received by the DHO in the institution mail on January 27, 2015); 3) denied that it was his handwriting on the report submitted to the Northeast Regional Office; 4) requested former DHO secretary, Ms. Inch, to appear as a witness; 5) requested a handwriting expert; and 6) requested a polygraph. *Id*.

The DHO declined to require Ms. Inch, former DHO secretary, to be present as a witness because the reporting officer identified Ms. Inch's signature to be authentic on the DHO report retrieved from the official record and her testimony would be adverse to Chestnut. Dkt. No. 27-1 at 18-22. The DHO contacted the Special Investigation Services ("SIS") Technician, Brian Wert, via e- mail on January 27, 2015, and inquired if video footage was still available for any time prior to January 12, 2015, the date that Chestnut dated Administrative Remedy 808050-R1. Dkt. No. 27-1 at 30. On January 27, 2015, SIS Technician, Brian Wert, advised the DHO that the video footage requested was no longer available as "the system does not retain video for that amount of time." *Id*.

The DHO conceded that staff involved in this case were not handwriting experts; "however, the greater weight of the evidence supports it was [Chestnut's] very well-known handwriting that was contained on both the DHO report [Chestnut] forged, and the accompanying rejected Regional Administrative Remedy Appeal BP-10 form that [Chestnut] mailed to the Northeast Regional Office." Dkt. No. 27-1 at 22. The DHO also advised Chestnut that his request for a polygraph ("volygraph") test was not applicable to the inmate discipline

program. *Id*.

In addition to considering Incident Report 2674169 and the investigation, the DHO considered the following documentary evidence prior to ruling in the matter: 1) an email from Northeast Regional Office Legal Assistant to DHO Chambers dated January 22, 2015; 2) a Memorandum from Northeast Regional Office Legal Assistant to DHO Chambers dated January 22, 2015; 3) the falsified signatures on the DHO report for Incident Report No. 2449091; 4) the DHO report retrieved from the official record for Incident Report No. 2449091; 5) the Regional Administrative Remedy Appeal (BP-10) which Chestnut dated January 12, 2015; 6) Title 18 U.S.C. § 1001, Chapter 47, Fraud and False Statements; 7) a Congressional Research Service report dated January 28, 2014, by Charles Doyle, Senior Specialist in American Public Law; 8) an email from SIS Technician B. Wert concerning Chestnut's request for video documentation, dated January 27, 2015; and a 9) handwritten statement authored by Chestnut. Dkt. No. 27-1 at 19.

The DHO noted that Chestnut has an "extensive disciplinary history for forging documents and sending those documents to outside parties via institution mail procedures," which led him to draw an "adverse inference" that Chestnut committed the prohibited acts. Dkt. No. 27-1 at 22. Based on the greater weight of the evidence, the DHO determined that Chestnut committed the prohibited acts of "Use of the Mail for an Illegal Purpose," in violation of Code 196, and "Forging any Document," in violation of Code 314. *Id*. For his violation of Code 196, Chestnut was sanctioned to a forty-one (41) day loss of good conduct time and the loss of certain privileges. For his violation of Code 314, Chestnut was sanctioned to a fourteen (14) day loss of good conduct time and the loss of certain privileges. *Id*. Chestnut was advised of his rights to appeal the action within 20 calendar days under the Administrative Remedy Procedure. *Id*. In

addition, Chestnut was given a copy of the DHO report concerning Incident Report No. 2674169 on February 20, 2015. Dkt. No. 27-1 at 23.

      **C.**     **Administrative Remedy History**

On March 16, 2015, Chestnut filed Administrative Remedy 814100-R1 with the Regional Office, appealing Incident Report No. 2674169. Dkt. No. 27-1 at 2, 41. Administrative Remedy 814100-R1 was rejected for being untimely because it was not filed within twenty (20) days of the receipt of the DHO report. Dkt. No. 27-1 at 41-42.

Chestnut resubmitted his appeal for Administrative Remedy 814100-R1 (now designated as Administrative Remedy 814100-R2) to the Regional Office, but it was rejected as untimely on April 13, 2015. Dkt. No. 27-1 at 42. On April 22, 2015, Chestnut once again submitted his appeal of Administrative Remedy 814100-R2 (now designated as Administrative Remedy 814100-R3), without documentation excusing the late submission, to the Regional Office. Administrative Remedy 814100-R3 was also rejected as untimely. Dkt. No. 27-1 at 45. On May 18, 2015, Chestnut appealed the rejection of his Administrative Remedy 814100-R3 (now designated as Administrative Remedy 814100-A1) to the Central Office. Dkt. No. 27-1 at 2, 48. That remedy was rejected on June 15, 2015, using rejection code "DIR OTH." Rejection code "DIR OTH" was used to advise Chestnut that the Central Office concurred with the rationale for rejection by the Regional Office and further directed Chestnut to resubmit his appeal in proper form at the Regional level. *Id*. There is no record that Chestnut resubmitted his appeal with documentation excusing his delay in filing. Dkt. No. 27-1 at 2.

      **D.**     **Analysis**

Chestnut alleges that his due process rights were violated during the disciplinary proceeding. The respondent contends that Chestnut failed to exhaust his administrative remedies.

Administrative exhaustion requirements apply to section 2241 actions. *Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir. 2004); *Sanchez v. Miller*, 792 F.2d 694, 699 (7th Cir. 1986) ("We reaffirm that a federal prisoner challenging a disciplinary decision within the federal institution must exhaust his administrative remedies before seeking federal habeas relief.").

When appealing DHO decisions, there is a two-step administrative remedy process. 28 C.F.R. § 542, *et seq.* The first appeal must be submitted to the Regional Office within twenty (20) days of his receipt of the DHO report. 28 C.F.R. § 542.14(d)(2). A second appeal must be filed with the Central Office (General Counsel). 28 C.F.R. § 542.15(a). Here, Chestnut was provided a copy of the DHO report on February 20, 2015. His appeal was due March 12, 2015. He did not submit his first appeal until March 16, 2015. His remedy was rejected as untimely and Chestnut failed to resubmit his appeal to the Regional Office with an explanation as to why his appeal was late.

Procedural default caused by failure to exhaust administrative review can be overcome if the petitioner shows cause and prejudice or shows that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Moffat v. Broyles*, 288 F.3d 978, 982 (7th Cir. 2002). In his supplemental petition, Chestnut alleges that he "appealed the hearing officer's decision through the administrative remedy process directly to the regional office by submission of a BP-10 and the office of General Counsel by submission of a BP-11… Petitioner was denied relief at both levels of the administrative remedy process that were available to him." Dkt. No. 7 at 2. While this statement is true, Chestnut has not addressed the fact that his appeal to the Regional Office was untimely and was rejected on that basis. He therefore did not properly complete the administrative remedy process. Moreover, he has not made a showing of cause and prejudice. *Barksdale v. Lane*, 957 F.2d 379, 385 (7th Cir. 1992)

("The Supreme Court has defined 'cause' as some external objective factor, such as interference by officials or unavailability of the factual or legal basis for a claim, which impeded compliance with the state's procedural rule.").

Because Chestnut failed to exhaust his available administrative remedies as to all of his claims, they are procedurally defaulted and federal habeas relief is not available.

### E. Conclusion

The undisputed record reflects that Chestnut did not timely exhaust his available administrative remedies before filing this habeas action. Because there is no valid basis upon which this Court could issue a writ of habeas corpus, this action relating to Incident Report No. 2674169 is **dismissed without prejudice**. Judgment consistent with this Entry shall now issue.

The clerk is requested to **update the petitioner's address on the docket,** as he has been transferred to Big Sandy USP.

**IT IS SO ORDERED**.

Date: 8/13/18

*William T Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

RAYMOND CHESTNUT
13465-171
USP BIG SANDY
Inmate Mail/Parcels
P.O. BOX 2068
INEZ, KY 41224

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
shelese.woods@usdoj.gov