UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| RAYMOND CHESTNUT, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 2:17-cv-00019-JPH-DLP |
| | ) |
| CHARLES DANIELS, | ) |
| | ) |
| Respondent. | ) |

**ORDER DENYING MOTION TO RECONSIDER AND GRANTING COPY REQUEST**

A prison hearing officer found petitioner Raymond Chestnut guilty of illegal use of the mail and forgery, as charged in Incident Report 2674169, on January 29, 2015. Mr. Chestnut challenged the hearing officer's decision in this 28 U.S.C. § 2241 habeas action. This action was dismissed on August 13, 2018, for failure to exhaust administrative remedies. Dkt. 36. Nearly four years later, Mr. Chestnut asks the Court to vacate or set aside the Judgment pursuant to Rule 60(b)(6). Dkt. 86 at p. 2. For the reasons explained below, Mr. Chestnut's motion to reconsider, dkt [83], is **denied.** See dkt 79.

**I. DISCUSSION**

Mr. Chestnut argues that he is entitled to relief because the "court made an error" when concluding that Mr. Chestnut did not exhaust his available administrative remedies through the Bureau of Prisons before filing this habeas petition. Dkt. 86 at p. 3. He argues that he is entitled to a decision on the merits of his petition. *Id.*

Mr. Chestnut advances his motion under Rule 60(b)(6), but his motion seeks reopening based on an alleged judicial mistake, which is covered instead by Rule 60(b)(1). Motions to reopen a judgment based on mistake are subject to a one-year time constraint. Fed. R. Civ. P. 60(c)(1). Mr. Chestnut filed his Rule 60(b) motion far beyond this time limit. Further bolstering the conclusion that the motion was untimely, "'a Rule 60(b) motion filed after the time to appeal has run that seeks to

1

remedy errors that are correctable on appeal will typically not be filed within a reasonable time.'" *Blitch v. United States*, 39 F.4th 827, 834 (7th Cir. 2022) (quoting *Mendez v. Republic Bank*, 725 F.3d 651, 660 (7th Cir. 2013)).

Nor is Mr. Chestnut eligible for relief under Rule 60(b)(6) as he suggests. Under Rule 60(b)(6), a court may set aside a judgment for, "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). But relief under Rule 60(b) is an extraordinary remedy reserved for extraordinary circumstances. *Word Seed Church v. Vill. of Homewood*, -- F.4th --, 2022 WL 3095971, at *2 (7th Cir. Aug. 4, 2022) (citing cases). "[I]t is well-settled that a motion to reconsider is not the proper vehicle to raise new arguments that could and should have been raised prior to judgment." *Id.* Mr. Chestnut's motion to reconsider does not offer new arguments or evidence that could not have been raised before judgment was entered. Thus, he has not demonstrated extraordinary circumstances justifying relief in this case.

## II. Conclusion

Mr. Chestnut's motion to reconsider, dkt [83], is **denied.**

His motion to accelerate a ruling on his motion to reconsider, dkt [87], is **denied as moot.**

His motion for copies, dkt. [85], is **granted** to the extent that the **clerk is directed** to include a copy of docket numbers [38], [46], [53], [59], [61], [78] and [79], along with Mr. Chestnut's copy of this Order. These copies total 105 pages and may be provided double sided.

**SO ORDERED.**

Date: 9/8/2022

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

RAYMOND CHESTNUT
13465-171
Irwin County Detention Center
132 Cotton Drive
Ocilla, GA 31774

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
shelese.woods@usdoj.gov